**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bryan Terrell DIXON, Defendant–
Appellant.**

No. 12–7898.

United States Court of Appeals,
Fourth Circuit.

Submitted: Jan. 17, 2013.

Decided: Jan. 23, 2013.

Devon L. Donahue, Office of the Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May–Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Terrell Dixon seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp.2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack,* 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Dixon has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED.*